IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

\* \* \* \* \*

| | |
|---|---|
| SUSAN OCKERT, | |
| Plaintiff, | CV-12-00023-DLC-RKS |
| vs. | |
| STATE OF MONTANA, DEPT OF COMMERCE, DORE SCHWINDEN, ANDY POOLE, MARY CRAIGLE and MARTY ROOS, individually and as agents of the Dept. of of Commerce, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

**1. Synoposis.**

Defendants have filed two motions to dismiss. Their motions will be granted in part. The State of Montana and its Department of Commerce should be dismissed from the §1983 claims. The individual defendants should be dismissed from the §1983 claims in their official capacities and dismissed from the state law claims in favor of the State. Other claims should be dismissed but, at this early stage, with leave to amend. Absent amendment, the case will proceed through discovery on the remaining §1983 claims and the state law claims.

**2. Jurisdiction**.

This court has jurisdiction under 28 U.S.C. §1331, federal question, and 28 U.S.C. §1441(b), removal. Venue is proper in this division. By order dated April 25, 2012, C.D. 17, United States District Judge Dana L. Christensen referred this matter for pretrial proceedings to a Magistrate Judge. 28 U.S.C.§636(b)(1)(A)(B).

**3. Status and Pending Motions.**

This cause is set for trial July 8, 2013. C.D. 31. Discovery ends February 4, 2012. Amended pleadings are due July 16, 2012. C.D. 26. Defendants' motions are ripe for decision.

Defendants have filed two motions to dismiss for failure to state a claim. The first, C.D.10, asks the court to dismiss some, but not all of Plaintiff's claims brought under 42 U.S.C. §1983. The second, C.D. 12, seeks to dismiss the Montana state law claims against individual defendants, substituting, the State.

After briefing, the parties have agreed that some claims should be dismissed. (C.D. 16, p. 2).

> 1. The State of Montana and the Montana Department of Commerce should be dismissed from claims under 42 U.S.C. §1983; C.D. 20, p. 5, C.D. 25, p. 2.
>
> 2. All claims against individual defendants in their official capacities for retrospective relief, 42 U.S.C. §1983, should be dismissed; C.D. 20, p. 4,19, C.D. 25, p. 2.
>
> 3. Plaintiff's substantive due process claim should be dismissed; C.D. 20,p. 4, C.D. 25, p. 2.
>
> 4. The state law claims against the individual defendants should be dismissed with the State substituted as a party. C.D. 20, p. 19, C.D. 25, p. 2.

Defendants concede that it is premature to dismiss the claims for prospective relief in the form of reinstatement. C.D. 25, p. 2, 12. Defendants concede that the individual claims against defendants Poole and Roos state a claim as do the official capacity claims for reinstatement against the individuals and the state law claims.

The remaining issues necessary for decision to resolve the pending motions are:

1. Does Ms. Ockert's Amended Complaint state a claim under 42 U.S.C. §1983 against Defendants Schwinden and Craigle?

2. Does Ms. Ockert's claim for prospective relief apart from reinstatement state a claim under 42 U.S.C. §1983?

These finite remaining issues may be resolved, at least in the form of Findings and Recommendations without necessity of oral argument. The motions should be granted.

### 4. Standards for Decision.

Defendants move under Fed. R.Civ. P. 12(b)(6). The court, construing all well-pleaded facts liberally in favor of the pleader and accepting them as true, may dismiss if the claim asserts a legal theory that is not cognizable or is an implausible factual tale. Bell Atlantic Corp. v. Twombly, 550 U.S., 554, 555-56 (2007). The court must not accept as true bold assertions, labels or factual or legal conclusions or mere formulistic recitals of elements of a cause of action. Ashcroft v. Iqbal, 556, U.S. 662 __, 129 S.Ct. 1937, 1949 (2009).

### 5. Schwinden Claims.

Ms. Ockert asserts that during a hurried meeting she was forced to resign as an employee of the Montana Department of Commerce under threat of being immediately fired if she did not. Amended Complaint, C.D. 3, ¶¶ 7-9. Defendant Schwinden is alleged to be the Director of the Department of Commerce of the

State of Montana. Complaint, C.D. 3, ¶3. The complaint does not allege any facts to show that Schwinden attended the meeting, or wrote or even authorized any documents presented at the meeting. Ms. Ockert alleges nothing specific about Mr. Schwinden at all but only recites vague and conclusory statements lumping him among "the responsible officers of Defendant DOC." Complaint, C.D. 3, ¶¶ 22, 23, 24 and 25.

Ms. Ockert has not met the pleading standard Twombly and Iqbal establish. No specific facts are alleged against Mr. Schwinden about his duties or his relationship to Ms. Ockert or this incident, no facts are alleged that would be sufficient if believed, to establish that he violated 42 U.S.C. §1983 by depriving Ms. Ockert of a federal right. West v. Atkins, 487, U.S. 42, 48 (1988). Jones v. Williams, 297 F3d 930, 934 (9th Cir. 2004)(must personally participate). The motion to dismiss should be granted dismissing the claims against Mr. Schwinden, without prejudice.

**6. Craigle Claims**.

Defendants' brief, C.D. 25, p. 10-11, seeks to assert facts about Ms. Craigle's position, without affidavit or other reference to the record. A court cannot, and this order does not, consider facts outside the pleading to decide a F.R.Civ.P. 12(b)(6) motion. Twombly, supra. However the Amended Complaint does not state a claim against Ms. Craigle.

Craigle is alleged to be Bureau Chief of the Census and Economic Information Center of the Business Resources Division of the Montana Department of Commerce. Amended Complaint, C.D. 3, ¶¶ 1,2 and 3. As with Mr. Schwinden, no other specific allegation in the complaint connects Ms. Craigle with Ms. Ockert's loss of her job. The Amended Complaint does not allege facts that meet the Iqbal standard sufficient to connect Ms. Craigle with any loss Ms. Ockert

cognizable under 42 U.S.C. §1983.  West v. Atkins, supra, 487 U.S. at 48; Jones v. Williams, supra, 297 F3d at 934.  This claim as well must be dismissed, without prejudice.

**7.  Prospective Relief**.

Defendants have moved to dismiss claims for prospective relief.  They argue that the allegations under which Plaintiff rely for that claim are vague and conclusory at best but do not clearly state a claim based on any continuing violation of federal law.  Defendants, appropriately, cite Green v. Mansour, 474 U.S. 64, 71 (1985).  Plaintiff's position on that issue is difficult to discern from the briefs.  However, Ms. Ockert suggests that she may intend to attempt to amend some of her claims.  See, for example, C.D. 20, p. 19.  It appears that Defendant's position is correct.  The claims should be dismissed.

**8.  Conclusion**.

This matter is early in the discovery period.  These contested motions are meritorious  on the current state of the pleadings.  The date for amending pleadings has not passed.  It is appropriate to dismiss some claims without prejudice to a later attempt by Ms. Ockert to state a claim by amendment, even if successfully doing so seems somewhat unlikely.

**9.  Order**.

For the reasons stated above, it is ordered that Defendants' motions to dismiss are granted and denied as follows:

1. Defendants' Motion to Dismiss for Failure to State a Claim, C.D. 12, is GRANTED;

2. Defendants Partial Motion to Dismiss – §1983 Claims, C.D. 10

    a. is GRANTED dismissing claims against Schwinden
    and Craigle without prejudice;

    b. is GRANTED dismissing all such claims against individual defendants in their official capacities;

    c. is GRANTED dismissing Plaintiff's substantive due process claim; and

    d. is GRANTED dismissing the State of Montana and the Montana Department of Commerce.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 22nd day of June, 2012.

_/s/ Keith Strong_
Keith Strong
United States Magistrate Judge